-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VELMA JACKSON,

        Plaintiff,

    -v-                               06-CV-6102CJS(P)
                                           **ORDER**

BANK OF AMERICA, et al.

        Defendants.

---

## INTRODUCTION

Plaintiff Velma Jackson has filed this *pro se* action seeking relief by a civil action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, Bank of America, and individual employees or officers of Bank of America, have violated her constitutional rights by being discriminatory in their billing or business practices. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's claim that she is being dealt with in a discriminatory manner is subject to dismissal without prejudice. Plaintiff makes no allegation of facts that would show that she is being treated in a manner that is different than other customers,

merely on the basis of her race.  However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included.  <u>Davidson v. Flynn</u>, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Plaintiff may be alleging a claim of violation of the Consumer Credit Protection Act or the Fair Debt Collection Practices Act on the basis of consumer credit or debt collection practices that violate one or more sections of the statutes.  Plaintiff appears to be alleging that she has been subjected to abusive debt collection practices involving the daily calls, morning, noon and night about a payment apparently deemed late.  Plaintiff alleges the receipt for payment was dated two business days after the date the debt was owed, which is the date plaintiff asserts she paid the debt.

Plaintiff does not, however, make clear whether the daily calls she receives are from a debt collector attempting to collect on behalf of the creditor, as would be necessary to state a claim under the Fair Debt Collection Practices Act, or from the creditor itself.  Because creditors are presumed to refrain from abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not controlled by

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. unless they collect under a name other than their own. See Harrison v. NBD Inc., 968 F.Supp. 837, 841 (E.D.N.Y.1997). Plaintiff also does not make clear whether she disputed the debt in writing and whether she told the persons calling daily to stop calling. If the creditor is the entity attempting to collect the debt itself, plaintiff does not indicate whether she was informed of the dispute mechanism to challenge and/or verify the debt and whether she has used any such dispute mechanism. Plaintiff does not allege that she has been denied credit because of inaccurate information supplied by Bank of America, or that Bank of America has failed to correct inaccurate information when such debt was challenged pursuant to the Fair credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff has indicated that she filed some complaint with the New York State Attorney General's Office, but does not state whether that complaint was followed through to it's conclusion, or if she obtained any satisfaction therefrom.

In order to assist the Court in determining whether plaintiff can state a claim for relief for which this Court has jurisdiction, plaintiff must explain in detail what happened initially, what she has done, and what others have done with regard to this alleged debt. She must state who did what, and what she did in response. Plaintiff might also consider contacting the Volunteer Legal

Services Project or another legal services provider to educate herself on what her rights might be in this circumstance.

## **CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), her request to proceed *in forma pauperis* is granted.  For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless she files an amended complaint by **April 11, 2006** in which she includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."  International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); *see also* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if she fails to file an amended complaint as directed, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **April 11, 2006** ;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank civil complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **April 11, 2006** , the complaint shall be dismissed.

**SO ORDERED.**

S/ Michael A. Telesca

_____
               MICHAEL A. TELESCA
           United States District Judge

Dated:   March 8, 2006
         Rochester, New York